## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA
## SAN DIEGO COUNTY DIVISION

| | | |
|---|---|---|
| **MORGAN HOWARTH** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION #** '24CV2258 RSH MMP |
| **vs.** | : | |
| | : | |
| **REAL ESTATE OF THE PACIFIC, INC.** | : | |
| **d/b/a PACIFIC SOTHEBY'S** | : | |
| **INTERNATIONAL REALTY, ANGELA** | : | |
| **MEAKINS, HANA KHARROUBI, AND** | : | |
| **NHILA KLIBER** | : | |
| | | |
| **Defendants** | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Morgan Howarth, by and through his undersigned attorneys, respectfully alleges as follows for its complaint against Defendants.

### PARTIES

1.     Plaintiff Morgan Howarth ("Plaintiff" or "Howarth") is an individual residing in Gainesville, Virginia.

2.     Defendant Real Estate of the Pacific, Inc. d/b/a Pacific Sotheby's International Realty ("Defendant" or "Pacific Sotheby's") is a California corporation with its principal place of business 16745 W Bernardo Drive, Suite 200, San Diego, California 92127. According to records maintained by the California Secretary of State, Pacific Sotheby's may be served through its registered agent, Timothy P. Burke, at 16745 W. Bernardo Drive, Suite 200, San Diego, California 92127.

3.    Defendant Angela Meakins ("Defendant" or "Meakins") is an individual believed to be living in Encinitas, California. Upon information and belief, Meakins may be served at her residence at 13576 Portofino Drive, Del Mar, California 92014, or wherever she may be found.

4.    Defendant Hana Kharroubi ("Defendant" or "Kharroubi") is an individual believed to be living in Encinitas, California. Upon information and belief, Kharroubi may be served at her residence at 16089 Veridian Circle, San Diego, California 92127, or wherever she may be found.

5.    Defendant Nhila Kliber ("Defendant" or "Kliber") is an individual believed to be living in Encinitas, California. Upon information and belief, Kliber may be served at her residence at 13346 Barbados Way, Del Mar, California 92014, or wherever she may be found.

## NATURE OF THE CLAIMS

6.    This is an action for copyright infringement and violations of the Digital Millennium Copyright Act ("DMCA") arising in connection with the unauthorized commercial exploitation of one of Plaintiff's architectural photographs on Defendants' social media pages.

## JURISDICTION AND VENUE

7.    This action arises under 17 U.S.C. §§ 101 *et seq*. (the U.S. Copyright Act). The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 (federal question) and § 1338(a) (copyrights).

8.    This Court has personal jurisdiction over the Defendants, and venue in this District is proper under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a), in that a substantial part of the acts of infringement complained of herein occurred in this District, a substantial part of property that is the subject of the action is situated in this District, and because the Defendants may be found in this District.

## CONDITIONS PRECEDENT

9.      All conditions precedent have been performed or have occurred.

## BACKGROUND FACTS

10.     Morgan Howarth is an accomplished architectural photographer based in Virginia. Howarth utilizes a painstaking process which combines multiple exposures to create a rich, distinctive result and is highly sought after for his work. Mr. Howarth's expansive client base includes CBS, Timex, Sears, Cole Haan, Home & Design Magazine, Hilton Worldwide, Modern Luxury Magazine, and Marriott International.

11.     Defendant Pacific Sotheby's is a real estate brokerage based in California that supervises hundreds of sales agents, including the co-Defendants in this action. [1]

12.     Defendant Angela Meakins ("Meakins") is a licensed sales associate and real estate advisor working under the supervision of Pacific Sotheby's, focusing on luxury properties in San Diego. Meakins has over 20 years of experience managing real estate transactions and advising clients on property sales and acquisitions.[2]

13.     Defendant Hana Kharroubi ("Kharroubi") is a licensed sales associate and real estate advisor working under the supervision of Pacific Sotheby's, focusing on San Diego's luxury property market. With nearly 25 years in the area and a background in banking, finance, and economics, Kharroubi provides advisory services for property transactions.[3]

14.     Defendant Nhila Kliber ("Kliber") is a licensed sales associate and real estate advisor working under the supervision of Pacific Sotheby's, operating in the San Diego market.

---

[1] https://www2.dre.ca.gov/PublicASP/pplinfo.asp?start=1
[2] https://www.sothebysrealty.com/eng/associate/180-a-df20120217121030191/angela-meakins
[3] https://www.sothebysrealty.com/eng/associate/180-a-df23071914271024922/hana-kharroubi

With over 25 years of experience in sales and marketing, she assists clients in navigating real estate transactions.[4]

15.     Howarth is the sole author and creator of the photo at issue in this action (the "Photo"), depicting an attractive outdoor kitchen at a residential property. A copy of the Photo is set forth below:



16.     The Photo was timely registered with the U.S. Copyright Office, which issued registration number VA 2-318-414, effective August 19, 2022. ("**Exhibit 1**").

17.     Meakins, Kharroubi, and Kliber prominently featured the Photo on their respective social media pages, as shown below, without any authorization or license to do so.

---

[4] https://www.sothebysrealty.com/pacificsir/eng/associate/763-a-df22020415331024922/nhila-kliber







18.    According to Pacific Sothebys, Defendants sourced the photo directly from Houzz.com, a well-known platform for design inspiration, where Morgan Howarth was properly credited as the photographer. Defendants subsequently used the Photo in posts on Facebook and Instagram without permission or authorization from Howarth; and without crediting him as author.

19.    On February 16, 2024, Howarth placed Defendants on notice of their unauthorized use of the Photo. Although Meakins, Kharroubi, and Kliber eventually removed the Photo from their social media pages, Defendants otherwise rejected Plaintiff's efforts to settle his claims and eventually stopped communicating altogether, leaving him with no alternative but to proceed with this lawsuit.

## COUNT 1: COPYRIGHT INFRINGEMENT

20.    Plaintiff realleges and incorporates herein the foregoing paragraphs.

21.     By their actions alleged above, Defendants have infringed Howarth's copyrights in the Photo. Specifically, by copying, displaying, distributing, and otherwise exploiting the Photo on their Facebook pages, Defendants have infringed Howarth's exclusive rights set forth in 17 U.S.C. § 106.

22.     In addition, and/or in the alternative, upon information and belief, Defendant Pacific Sotheby's is jointly and severally liable for any direct copyright infringement committed by Defendant Meakins, Defendant Kharroubi, and Defendant Kliber, because it participated in the acts of infringement and/or because it determined the policies that resulted in the infringement. *Broad. Music, Inc. v. Tex. Border Mgmt.*, 11 F. Supp.3d 689, 693 (N.D. Tex. 2014) (citing *Crabshaw Music v. K-Bob's of El Paso, Inc.*, 744 F. Supp. 763, 767 (W.D. Tex. 1990)).

23.     Upon information and belief, Defendants' actions constituted willful infringement of Howarth's copyrights inasmuch as they knew, or had reason to know, that their use of Plaintiff's Work was unauthorized; and/or because they acted with reckless disregard of Plaintiff's copyrights. For example, Defendants' reckless failure to ensure that their use of the Photo was authorized supports a finding of willful infringement. *See, e.g., Unicolors, Inc. v. Urban Outfitters, Inc.*, 853 F.3d 980, 992 (9th Cir. 2017) (infringer's failure to conduct any inquiry into ownership supported a finding of willfulness); *Hamil America, Inc. v. GFI*, 193 F.3d 92, 97 (2d Cir. 1999) ("The standard is simply whether the defendant … recklessly disregarded the possibility" of infringement).

24.     As a result of the foregoing, Howarth is entitled to actual damages, plus Defendants' profits; and/or statutory damages of up to $150,000 per work infringed by Defendants, plus attorney's fees and costs of court. 17 U.S.C. §§ 504, 505.

## COUNT 2: VICARIOUS INFRINGEMENT

25.     Plaintiff realleges and incorporates herein the foregoing paragraphs.

26.     In addition to, and/or in the alternative to direct infringement, Defendant Pacific Sotheby's and Defendants Meakins, Kharroubi, and Kliber are jointly and severally liable for vicarious infringement because they had the right and ability to supervise the infringing activities of their agents, contractors, and representatives (including the person or persons who placed the Photo on the agents' social media), and the practical ability to stop the infringement (by prohibiting the use of the Photo and/or causing the removal of the Photo from the agents' social media), and because they had a direct financial interest in the infringing activities of their agents, contractors, and representatives by virtue of the business generated through the unlicensed use of the Photo (which the agents use to draw potential customers to their social media, keep them engaged, and induce them to utilize reatlor services) and the saved costs of properly licensing the work. *See., e.g., Playboy Enters., Inc. v. Webbworld, Inc.*, 991 F. Supp. 543, 553 (N.D. Tex. 1997); *Oppenheimer v. Deiss*, No. A-19-CV-423-LY, 2019 U.S. Dist. LEXIS 208728, at *6 (W.D. Tex. Dec. 3, 2019).

27.     In connection with the foregoing, it is important to note that Pacific Sotheby's not only had the right and ability to supervise the infringing activities at issue, it had a *legal obligation* to do so. Under the California Code of Regulations, a responsible broker is obligated to exercise reasonable supervision over the activities of its salespersons and broker associates acting in the capacity of a salesperson, including the advertising of any service for which a license is required. Cal. Code Regs., tit 10, § 275. Inasmuch as Defendants Meakins, Kharroubi and Kliber utilize

their social media accounts to advertise their services as realtors, Pacific Sotheby's was therefore responsible for supervising their activities on that platform. *Id.*[5]

28.    Upon information and belief, Defendants' actions constituted willful infringement of Howarth's copyrights inasmuch as it knew, or had reason to know, that their use and display of the Photos required prior authorization and/or because they acted with reckless disregard of Plaintiff's copyrights; and/or because they exhibited willful blindness to the possibility that they were infringing Plaintiff's copyrights.

29.    As a result of the foregoing, Plaintiff is entitled to actual damages, and any additional profits of Defendants; or statutory damages of up to $150,000 per work infringed, plus attorney's fees and costs of court. 17 U.S.C. §§ 504, 505.

## COUNT 3: DMCA VIOLATION

30.    Plaintiff realleges and incorporates herein the foregoing paragraphs.

31.    Upon information and belief, Defendants have violated Section 1202 of the Digital Millennium Copyright Act by removing and/or omitting Howarth's so-called copyright management information ("CMI"), consisting of his name as author of the Photo and other identifying information about the Photo. Courts recognize that the removal of CMI is a serious violation of copyright because it deprives the copyright owner of professional recognition and makes it easier for other potential infringers to compound that injury. *See Reilly v. Plot Commerce*, No. 15-CV-05118 (PAE)(BCM), 2016 U.S. Dist. LEXIS 152154, at *21-22 (S.D.N.Y. Oct. 31, 2016), quoting Russell W. Jacobs, *Copyright Fraud in the Internet Age*, 13 Colum. Sci. & Tech.

---

[5] *See* https://www.nar.realtor/social-media (discussing the importance of social media in generating real estate leads); Sanette Tanaka, *20 Seconds for Love at First Sight*, Wall Street Journal, March 21, 2013, https://www.wsj.com/articles/SB10001424127887324077704578360750949646798 (noting that homebuyers spend 60% of their time reviewing photographs). *See, also Playboy Enters., Inc. v. Webbworld, Inc.*, 968 F. Supp. 1171, 1177 (N.D. Tex. 1997) (where the court found that the plaintiff's photographs acted as a draw for customers by enhancing "the attractiveness of [defendant's] website to potential customers.").

L. Rev. 97, 147 (Feb. 15, 2012) (section 1202 of the DMCA protects a copyright owner's "rights of integrity and attribution," which in turn protect against "the widespread dispersion of inauthentic copies"). Upon information and belief, Defendants' actions were committed knowingly, and with the intent to induce, enable, facilitate, and/or conceal infringement.

32.    In addition, and/or in the alternative, upon information and belief, Defendants are vicariously liable for the above-described violations of the DMCA because they had the right and ability to supervise the infringing activities of their agents, contractors, and representatives, including the person or persons who removed and/or omitted Plaintiff's CMI, and the practical ability to stop the violation (by prohibiting the unattributed use of the Photo and/or removing the Photo from the social media pages in question), and because they had a direct financial interest in the infringing activities of their agents, contractors, and representatives by virtue of the business generated through the unlicensed use of the Photo (which Defendants used to market their services and induce visitors retain them as their realtors) and the saved costs of properly licensing the Photo.

33.    As a result of the foregoing, Howarth is entitled to actual damages plus Defendants' profits; or in the alternative, statutory damages for each violation in an amount no less than $2,500 and no more than $25,000, plus costs and attorney's fees. 17 U.S.C. § 1203(b)(4-5) & (c).

## **PRAYER**

Plaintiff Howarth prays for:

A.    An order that Defendants and all persons under their direction, control, permission or authority be enjoined and permanently restrained from exploiting the photograph at issue;

B.    For each work infringed by Defendants, an award of actual damages and/or statutory damages under 17 U.S.C. § 504(c);

C.      For each violation of the Digital Millennium Copyright Act, an award of statutory damages under 17 U.S.C. § 1203(c);

D.      An award to Plaintiff of its reasonable costs and attorney's fees under 17 U.S.C. §§ 505 and 1203(b)(4) & (5)

E.      Prejudgment and post-judgment interest on any damage award as permitted by law; and

F.      Such other and further relief as the Court may deem just, proper and/or necessary under the circumstances.

<div style="margin-left:40%">

Respectfully submitted,

**AMINI & CONANT, LLP**

By: /s/ Neema Amini
Neema Amini
California Bar No. 296867
2323 Lincoln Boulevard
Santa Monica, California 90405
t: (512) 222-6883
f: (512) 900-7967
neema@aminiconant.com

   and

R. Buck McKinney (*to be admitted pro hac vice*)
Texas Bar No. 00784572
1204 San Antonio Street, Second Floor
Austin, Texas 78701
t: (512) 222-6883
f: (512) 900-7967
service@aminiconant.com
buck@aminiconant.com

*Counsel for Plaintiff*

</div>



## Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Shira Perlmutter*

United States Register of Copyrights and Director

**Registration Number**

# VA 2-318-414

**Effective Date of Registration:**
August 19, 2022
**Registration Decision Date:**
September 14, 2022

---

## Copyright Registration for a Group of Published Photographs
Registration issued pursuant to 37 C.F.R. § 202.4(i)

For Photographs Published: January 17, 2022 to August 18, 2022

### Title _____

**Title of Group:** Howarth_Copyright_2022_Jan_Aug
**Number of Photographs in Group:** 154

### Completion/Publication _____

**Year of Completion:** 2022
**Earliest Publication Date in Group:** January 17, 2022
**Latest Publication Date in Group:** August 18, 2022
**Nation of First Publication:** United States

### Author _____

- **Author:** Morgan Howarth
  **Author Created:** photographs
  **Work made for hire:** No
  **Citizen of:** United States
  **Domiciled in:** United States
  **Year Born:** 1956

### Copyright Claimant _____

**Copyright Claimant:** Morgan Howarth
13520 ,Norwick Place, Gainesville, VA, 20155

### Rights and Permissions _____

**Name:** Morgan Howarth
**Email:** morgan@morganhowarth.com

Page 1 of 2

| | |
|---|---|
| **Telephone:** | (240)377-1766 |
| **Address:** | 13520 ,Norwick Place |
| | Gainesville, VA 20155 |

## Certification

| | |
|---|---|
| **Name:** | Morgan Howarth |
| **Date**: | August 19, 2022 |

**Copyright Office notes:**  Regarding title information: Deposit contains complete list of titles that correspond to the individual photographs included in this group.

Regarding group registration: A group of published photographs may be registered on one application with one filing fee only under limited circumstances. ALL of the following are required: 1. All photographs (a) were created by the same author AND (b) are owned by the same copyright claimant AND (c) were published in the same calendar year AND 2. The group contains 750 photographs or less AND 3. A sequentially numbered list of photographs containing the title, file name and month of publication for each photograph included in the group must be uploaded along with other required application materials. The list must be submitted in an approved document format such as . XLS or .PDF. The file name for the numbered list must contain the title of the group and the Case Number assigned to the application.